UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> GILBERT OLIVER, <br><br> Defendant. | 19-Cr-568 (SHS) <br><br> <u>MEMORANDUM ORDER</u> |

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Gilbert Oliver brings this motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 70.) Because Oliver has not demonstrated "extraordinary and compelling reasons" warranting early release, 18 U.S.C. § 3582(c)(1)(A)(i), and because a reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a), defendant's motion is denied.

    On February 6, 2020, Oliver pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. U.S. Drug Enforcement Agency (DEA) agents had arrested Oliver on July 8, 2019, after he and a co-conspirator attempted to purchase five kilograms of cocaine from a confidential DEA source. (Presentence Investigation Report (PSR) ¶¶ 14, 16, 22.) Oliver was apprehended attempting to flee the scene with a plastic bag containing four firearms and approximately 2.5 kilograms of cocaine. (*Id.* ¶¶ 16-18.) In July 2020, this Court sentenced Oliver to 60 months' incarceration, the minimum sentence permitted by statute and a downward variance of over two years from his Sentencing Guidelines range of 87-108 months. (*See* Sentencing Tr. at 13:3-9.)

    Oliver is now serving his sentence at USP Lewisburg in Pennsylvania. He has completed 19 months—approximately one-third—of his sentence, and his projected release date is October 11, 2023. On January 13, 2021, defendant submitted a written request for compassionate release to the warden of USP Lewisburg. His request was denied on February 3. (Def.'s Mot. at 16-18.) Thereafter, on February 19, defendant filed a pro se motion for compassionate release with this Court.

    The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), carves out a "limited exception[]" to the general rule that a district court may not modify a final sentence of imprisonment. *United States v. Hope*, No. 15-Cr-888 (SHS), 2020 WL 4742875, at *2 (S.D.N.Y. June 2, 2020); *see Freeman v. United States*, 564 U.S. 522, 526 (2011). Only after a defendant demonstrates both that "extraordinary and compelling reasons warrant" a sentence reduction, 18 U.S.C. § 3582(c)(1)(A)(i), and that a reduction is consistent with the

factors set forth in 18 U.S.C. § 3553(a), may this Court grant a motion for compassionate release. Oliver makes neither showing.

Oliver argues that the threat posed to him by the COVID-19 pandemic constitutes an extraordinary and compelling reason meriting release. (Def.'s Mot. at 8.) However, "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release." *United States v. Nwankwo*, No. 12-Cr-31 (VM), 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020); *see United States v. Davis*, No. 12-Cr-712 (SHS), 2020 WL 4573029, at *1 (S.D.N.Y. Aug. 7, 2020). Defendant points to his age and obesity as particularized circumstances warranting such a finding. But Oliver includes neither his weight nor his body mass index in his motion, and, in any event, "numerous courts in this Circuit have continued to hold that obesity," without more, "does not constitute 'extraordinary and compelling' circumstances calling for relief." *United States v. Suarez*, No. 16-Cr-453 (RJS), 2020 WL 7646888, at *4 (S.D.N.Y. Dec. 23, 2020); *see, e.g.*, *United States v. Lobo*, No. 15-Cr-174 (LGS), 2020 WL 603267, at *3 (S.D.N.Y. Feb. 12, 2021); *United States v. Gibson*, No. 17-Cr-06571 (JS), 2020 WL 7343802, at *4 (E.D.N.Y. Dec. 14, 2020). And though defendant's age of 55 puts him at increased danger of COVID-19 complications compared to younger adults, he does not fall into the CDC's higher-risk age range of 65 and older. *See Older Adults*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Feb. 19, 2021) (indicating that 8 out of 10 COVID-19 deaths reported have been in adults age 65 or older). Accordingly, this Court does not find that "extraordinary and compelling reasons" exist here warranting a sentence reduction.

Additionally, the factors set forth in 18 U.S.C. § 3553(a) do not support a reduction in defendant's sentence. The "nature and circumstances" of the offense are serious. Defendant not only conspired to purchase five kilograms of cocaine from a DEA source; he also attempted to flee his apartment, where the attempted purchase took place, with 2.5 additional kilograms of cocaine and four firearms. (PSR ¶¶ 17-18.) Moreover, upon searching the apartment, DEA agents found $140,000 in cash and 120 grams of crack cocaine. (*Id.* ¶ 18.) Based on this substantial quantity of drugs, as well as Oliver's possession of firearms during the offense, the applicable Sentencing Guidelines range was 87-108 months. Nonetheless, this Court sentenced defendant to 60 months' incarceration, a substantial downward variance from the guideline range and the minimum sentence permitted by statute. Allowing Oliver to further reduce his statutory minimum sentence now, when he has completed just one-third of his term, would fail to "reflect the seriousness of the offense," provide "just punishment," or "afford adequate deterrence." 18 U.S.C. § 3553(a)(2)(A)-(B).

Because no "extraordinary and compelling reasons" exist warranting a sentence reduction, and because the factors set forth in 18 U.S.C. § 3553(a) do not support early release, Oliver's motion is denied. The Clerk of Court shall mail a copy of this Order to

Mr. Gilbert Oliver [91283-054], USP Lewisburg, U.S. Penitentiary, P.O. Box 1000, Lewisburg, PA 17837, and note the mailing on ECF.

Dated: New York, New York
February 25, 2021

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.